Electronically Filed by Superior Court of California, County of Orange, 01/31/2020 04:22:59 PM.
30-2020-01128877-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Lirio Sanchez, Deputy Clerk.

**JML LAW**

A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
JARED W. BEILKE, STATE BAR NO. 195698
KARINA GODOY, STATE BAR NO. 305895

Attorneys for Plaintiff SARA BAIRD

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF ORANGE**

30-2020-01128877-CU-WT-CJC

|  |  |
|---|---|
| SARA BAIRD, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> GRAYBAR ELECTRIC COMPANY, INC., a Missouri Corporation; COLLEEN WEINGARTEN, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: <br> Judge Derek W. Hunt <br> **COMPLAINT FOR:** <br> 1. DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE §12940 ET SEQ. [FEHA]; <br> 2. FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA; <br> 3. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA; <br> 4. HARASSMENT IN VIOLATION OF THE FEHA; <br> 5. FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE FEHA; <br> 6. RETALIATION IN VIOLATION OF THE FEHA; <br> 7. INTERFERENCE WITH AND FAILURE TO PROVIDE LEAVE IN VIOLATION OF THE FMLA; <br> 8. RETALIATION FOR TAKING FMLA; <br> 9. WRONGFUL TERMINATION IN VIOLATION OF THE FEHA; and <br> 10. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY. <br><br> **DEMAND FOR JURY TRIAL** |

///

Exh. A

Plaintiff, SARA BAIRD, hereby brings her complaint against the above-named Defendants and states and alleges as follows:

### THE PARTIES

1.  At all times mentioned herein, Plaintiff SARA BAIRD was a resident of the state of California.

2.  At all times mentioned herein, Defendant GRAYBAR ELECTRIC COMPANY, INC. (GRAYBAR) was a Missouri corporation, licensed to do business and doing business in the state of California, county of Los Angeles. At the time the causes of action arose, Defendant was Plaintiff's employer.

3.  At all times mentioned herein, Defendant COLLEEN WEINGARTEN (WEINGARTEN) was a resident of the State of California.

4.  The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under said fictitious names.  Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this Complaint, is either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff.  Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe defendants when it has been ascertained.

5.  Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

6.  Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

/// ///

/// ///

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

**ALLEGATIONS**

7.    Plaintiff began her employment with Defendant on or about September 14, 2004 and worked as a project specialist, up and through the time of her termination, on or about March 6, 2019.

8.    Throughout Plaintiff's employment with Defendant, Plaintiff was an exemplary employee.

9.    On or around February 1, 2019, Plaintiff suffered a seizure/stroke outside of work and injured her right shoulder.  Due to her right shoulder injury, Plaintiff's right arm was placed in a sling.

10.   On or around February 25, 2019, Plaintiff received a doctor's note placing her off work until May 19, 2019.

11.   Due to Plaintiff's team being short staffed, Plaintiff agreed to continue to work with one hand until she needed to take leave for the surgery to her right shoulder on March 18, 2019 through May 19, 2019.

12.   Plaintiff's team was supposed to have 5 team members, but it only had 3 team members for the last year.  The company was in the process of hiring 2 more Project Specialists. Plaintiff agreed to continue to work with one hand due to this shortness in staff.

13.   Plaintiff discussed staying on and working with one hand with WEINGARTEN (Manager of Customer Service) and they agreed that would be the plan until she had to go on leave for her surgery on March 18, 2019.

14.   Plaintiff's accommodation for working with one hand was that she would request help from co-workers for things like order entry, follow ups, order status and returns.  The problem was, Plaintiff's co-workers repeatedly turned her down when she would request help.

15.   One to two weeks prior to February 25, 2019, Plaintiff was written up by WEINGARTEN for taking time off of work for being sick.  Plaintiff had been ill from Thanksgiving to January and was diagnosed with severe bronchitis.  Plaintiff had taken enough

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

hours to total 3 days in January 2019 and enough hours to total 2 ½ days in February 2019 of sick leave.

16.   WEINGARTEN had been lecturing and harassing Plaintiff about taking time off for being sick and missing work.  Plaintiff felt attacked by WEINGARTEN for using her sick time, so Plaintiff left work and called Human Resources Service center to make a complaint about WEINGARTEN.  Due to this issue, Plaintiff was written up by WEINGARTEN.  This was the only write up Plaintiff had ever received.

17.   On or around March 6, 2019, Plaintiff was informed by Brian Hagerty (Operations Manager) and WEINGARTEN that she was being terminated.

18.   Plaintiff was terminated approximately 12 days prior to the start of her leave (March 18, 2019) for right shoulder surgery.  Plaintiff's surgery was scheduled for March 18, 2019, however, her benefits ended when she was terminated so the surgery was cancelled.   Plaintiff was forced to postpone her surgery.

19.   Plaintiff is informed and believes, and based thereon alleges, that her employment was terminated in retaliation for her disability/perceived disability, medical condition, request leave and anticipated use of FMLA, and reporting harassment.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

20.   On May 28, 2019, Plaintiff filed charges with the state of California, Department of Fair Employment and Housing.  The Department of Fair Employment and Housing closed Plaintiff's case in order to allow Plaintiff to pursue her civil remedies under the Fair Employment Housing Act ("FEHA") and issued Plaintiff a right to sue letter the same day.

**FIRST CAUSE OF ACTION**

**DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE §12940 ET SEQ.**
**[FEHA]**
**(Against GRAYBAR and DOES 1 through 50)**

21.   Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

22.   At all times herein mentioned, California Government Code § 12940 et seq., the

1 Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on

2 Defendants, as Defendants regularly employed five or more persons.

3     23.    California Government Code § 12940(a) requires Defendants to refrain from

4 discriminating against any employee on the basis of disability/perceived disability or medical

5 condition.  Per California Government Code § 12926.1(b), "disability" includes, but is not

6 limited to, protection from discrimination due to actual or perceived impairment that is disabling,

7 potentially disabling, or perceived to be disabling.

8     24. The FEHA requires Defendants to refrain from discriminating against any employee

9 on the basis of, among other things, an individual's disability/perceived disability and protected

10 activity thereto.

11     25. Defendant was aware of Plaintiff's disability/perceived disability during the relevant

12 time period.

13     26.    Defendants engaged in unlawful employment practices in violation of the FEHA

14 by subjecting Plaintiff to adverse employment actions on the basis of her disability/perceived

15 disability, failing to engage in the interactive process to determine if Plaintiff could be given a

16 reasonable accommodation, and failing to provide Plaintiff with a reasonable accommodation.

17     27.    Plaintiff is informed and believes and based thereon alleges that her

18 disability/perceived disability were a motivating factor in Defendants' decision to subject

19 Plaintiff to adverse employment actions and other discrimination against her, in violation of

20 Government Code §12940(a).

21     28.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

22 actual, consequential and incidental financial losses, including without limitation, loss of salary

23 and benefits, and the intangible loss of employment related opportunities in her field and damage

24 to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff

25 claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or

26 any other provision of law providing for prejudgment interest.

27     29.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered

28 and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

well as the manifestation of physical symptoms.  Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

30.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

31.     Defendants had in place policies and procedures that specifically prohibited and required Defendant's managers, officers, and agents to prevent disability discrimination, retaliation based on disability against and upon employees of Defendant.  Defendant was a supervisor, manager, officer, and/or agent of Defendant and was aware of Defendant's policies and procedures requiring Defendant's managers, officers, and agents to prevent, and investigate, disability discrimination and retaliation based on disability against and upon employees of Defendant.  However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendant's outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION

### OF GOVERNMENT CODE §12940 ET SEQ. [FEHA]

### (Against GRAYBAR and DOES 1 through 50)

32.     Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

33.    Defendant is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including FEHA.

34.    Plaintiff's disability/perceived disability, and medical condition during the relevant time limited her ability to engage in the major life activity of working.

35.    Although Defendants, and each of them, knew of Plaintiff's disability/perceived disability, and her medical condition, Defendants, and each of them, refused to accommodate Plaintiff's and instead terminated Plaintiff because of her disability/perceived disability, and medical condition.  Rather than accommodating Plaintiff, Defendants fired Plaintiff in direct contravention of FEHA, and specifically in violation of California Government Code § 12945.

36.    Plaintiff alleges that she could have fully performed all duties and functions of her job in an adequate, satisfactory and/or outstanding manner if she was provided with reasonable accommodations such as medical leave.

37.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

38.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

39.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover

COMPLAINT

1  attorneys' fees and costs under California Government Code § 12965(b).

2      40.    Defendants had in place policies and procedures that specifically prohibited and

3  required Defendant's managers, officers, and agents to prevent disability discrimination,

4  retaliation based on disability against and upon employees of Defendant.  Defendant was a

5  supervisor, manager, officer, and/or agent of Defendant and was aware of Defendant's policies

6  and procedures requiring Defendant's managers, officers, and agents to prevent, and investigate,

7  discrimination and retaliation based on disability/perceived disability, medical condition, and her

8  pregnancy against and upon employees of Defendant.  However, Defendants chose to

9  consciously and willfully ignore said policies and procedures and therefore, Defendant's

10  outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for

11  the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each

12  Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the

13  wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive

14  damages against each Defendant in an amount to be established that is appropriate to punish each

15  Defendant and deter others from engaging in such conduct.

**THIRD CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF**

**GOVERNMENT CODE §12940 ET SEQ. [FEHA]**

**(Against GRAYBAR and DOES 1 through 50)**

20      41.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully

21  set forth herein.

22      42.    California Government Code §12940(n) provides that it is unlawful for an

23  employer to fail to engage in a timely, good faith, interactive process with the employee to

24  determine effective reasonable accommodations, if any.

25      43.    Defendants failed to engage in a timely, good faith, interactive process with

26  Plaintiff to determine effective reasonable accommodations for Plaintiff's known disabilities,

27  and instead Defendants terminated Plaintiff's employment.

28      44.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

8

COMPLAINT

1   actual, consequential and incidental financial losses, including without limitation, loss of salary

2   and benefits, and the intangible loss of employment related opportunities in her field and damage

3   to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff

4   claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or

5   any other provision of law providing for prejudgment interest.

6          45.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered

7   and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as

8   well as the manifestation of physical symptoms.  Plaintiff is informed and believes, and

9   thereupon alleges, that she will continue to experience said physical and emotional suffering for

10  a period in the future not presently ascertainable, all in an amount subject to proof at the time of

11  trial.

12         46.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been

13  forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to

14  continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover

15  attorneys' fees and costs under California Government Code § 12965(b).

16         47.    Defendants had in place policies and procedures that specifically prohibited and

17  required Defendant's managers, officers, and agents to prevent disability discrimination,

18  retaliation based on disability against and upon employees of Defendant.  Defendant was a

19  supervisor, manager, officer, and/or agent of Defendant and was aware of Defendant's policies

20  and procedures requiring Defendant's managers, officers, and agents to prevent, and investigate,

21  disability discrimination and retaliation based on disability against and upon employees of

22  Defendant. However, Defendants chose to consciously and willfully ignore said policies and

23  procedures and therefore, Defendant's outrageous conduct was fraudulent, malicious, oppressive,

24  and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by

25  each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified,

26  and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be

27  awarded exemplary and punitive damages against each Defendant in an amount to be established

28  that is appropriate to punish each Defendant and deter others from engaging in such conduct.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

**FOURTH CAUSE OF ACTION**

**HARASSMENT IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

48. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

49. The FEHA protects all individuals from harassment based on disability/perceived disability, and medical condition.

50. . The actions by Defendants, as detailed above, constitutes hostile work environment and quid pro quo harassment.

51. As a direct and proximate result of the acts of Defendants, Plaintiff has and will continue to suffer severe mental anguish and emotional distress in the form of anger, anxiety, embarrassment, headaches, humiliation, loss of sleep, confidence, self-esteem and general discomfort; will incur medical expenses for treatment by psychotherapists and other health care professionals, and other incidental expenses; suffer loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in an amount according to proof at trial.

52. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

53. As a direct and proximate result of Defendants' discriminatory conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is therefore entitled to reasonable attorneys' fees and costs of suit, pursuant to Government Code §§ 12940, 12965 subdivision (b).

**FIFTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF GOVERNMENT CODE §12940 ET SEQ. [FEHA]**

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

**(Against GRAYBAR and DOES 1 through 50)**

54.     Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

55.     At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them.  These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and harassment and take all reasonable steps necessary to prevent discrimination and harassment from occurring, among other things.

56.     Defendants, and its agents, managers and employees, violated Government Code § 12940 (j) and (k) by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as described herein.

57.     Defendants failed to fulfill its statutory duty to timely take immediate and appropriate corrective action to end the discrimination and harassment.  Defendants also failed to take all reasonable steps necessary to prevent the harassment and discrimination from occurring.

58.     In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and harassment, and in failing and/or refusing to take and or all reasonable steps necessary to prevent harassment and discrimination from occurring, Defendants violated California Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

59.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

60.     As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1   well as the manifestation of physical symptoms.  Plaintiff is informed and believes, and

2   thereupon alleges, that she will continue to experience said physical and emotional suffering for

3   a period in the future not presently ascertainable, all in an amount subject to proof at the time of

4   trial.

5     61. As a proximate result of the wrongful acts of Defendants, Plaintiff has been

6   forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to

7   continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover

8   attorneys' fees and costs under California Government Code § 12965(b).

9     62. Defendants had in place policies and procedures that specifically prohibited and

10   required Defendant's managers, officers, and agents to prevent disability discrimination,

11   retaliation based on disability against and upon employees of Defendant.  Defendant was a

12   supervisor, manager, officer, and/or agent of Defendant and was aware of Defendant's policies

13   and procedures requiring Defendant's managers, officers, and agents to prevent, and investigate,

14   disability discrimination and retaliation based on disability against and upon employees of

15   Defendant.  However, Defendants chose to consciously and willfully ignore said policies and

16   procedures and therefore, Defendant's outrageous conduct was fraudulent, malicious, oppressive,

17   and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by

18   each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified,

19   and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be

20   awarded exemplary and punitive damages against each Defendant in an amount to be established

21   that is appropriate to punish each Defendant and deter others from engaging in such conduct.

22         **SIXTH CAUSE OF ACTION**

23       **RETALIATION IN VIOLATION OF THE FEHA**

24       **(Against GRAYBAR and DOES 1 through 50)**

25     63. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as

26   though fully set forth herein.

27     64. The FEHA protects all individuals from retaliation for engaging in a protected

28   activity.  Plaintiff engaged in a protected activity by seeking accommodations and leave.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

65. Thereafter, Defendants retaliated against Plaintiff, forcing her to cut her leave short and ultimately terminated her.

66. As a direct and proximate result of the acts of Defendants, Plaintiff has and will continue to suffer severe mental anguish and emotional distress in the form of anger, anxiety, embarrassment, headaches, humiliation, loss of sleep, confidence, self-esteem and general discomfort; will incur medical expenses for treatment by psychotherapists and other health care professionals, and other incidental expenses; suffer loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in an amount according to proof at trial.

67. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

68. As a direct and proximate result of Defendants' discriminatory conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is therefore entitled to reasonable attorneys' fees and costs of suit, pursuant to Government Code §§ 12940, 12965 subdivision (b).

## SEVENTH CAUSE OF ACTION

### INTERFERENCE WITH AND FAILURE TO PROVIDE LEAVE

### IN VIOLATION OF THE FMLA

#### (Against All Defendants)

69. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

70. At all relevant times, there existed the Family and Medical Leave Act of 1993 ("FMLA"), a federal statute which guarantees the right of an employee to take reasonable leave from employment. The FMLA is codified at 29 U.S.C. 2601 et seq. The FMLA guarantees an employee who worked for at least twelve (12) months and for at least 1,250 hours in the previous

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

twelve (12) months the right to take up to twelve (12) weeks of leave FOR Plaintiff's own serious health condition. The FMLA also guarantees the right of the employee to be restored to her original position or equivalent position upon return from the leave

71. Any violation of the FMLA itself or of the Department of Labor regulations governing the FMLA constitutes interference with an employee's rights under the FMLA. Interference includes not only refusing to authorize FMLA leave, but discouraging an employee from using such leave. An employer cannot use the taking of FMLA leave as a negative factor in employment actions.

72. Under FMLA, an employer is prohibited from interfering with an employee's rights under FMLA, and with legal proceedings or inquiries related to an employee's rights under FMLA. Under FMLA, and the incorporated state and federal regulations, it is unlawful and an employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the FMLA.

73. Under FMLA, when an employee makes a request for leave, and puts the employer on notice that the leave may qualify for FMLA protection, an employer has a duty to inquire further to obtain sufficient information to determine whether the leave actually qualifies for FMLA protection, and then designate the leave as FMLA qualifying or not FMLA qualifying.

74. Under FMLA, under all circumstances, it is the employer's responsibility to designate leave, paid or unpaid, as FMLA qualifying, based on information provided by the employee or the employee's spokesperson, and to give notice of the designation to the employee.

75. Plaintiff was employed by Defendant for more than 12 months of service prior to Plaintiff taking the medical leave as stated herein. Additionally, Plaintiff had at least 1,250 hours of service with Defendant during the previous 12-month period, prior to Plaintiff taking medical leave.

76. Plaintiff was diagnosed with serious health conditions by a health care professional that required Plaintiff to take FMLA medical leave

77. When an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for a FMLA qualifying reason, the employer must notify the

employee of the employee's eligibility to take FMLA leave, designate the leave as to whether it is FMLA qualifying, notify the employee if a written certification is required, and notify employee of his/her duties and responsibilities during the leave. Additionally, all written notices related to FMLA leave must be retained by the employer.

78.  Pursuant to 29 CFR § 825.500, an employer must keep records to show when FMLA leave was taken, keep records to show how many hours of FMLA leave was taken if the leave was less than a full day, keep copies of all notices given to an employee regarding FMLA leave, keep records of any disputes regarding the designation of leave as FMLA qualifying, keep copies of all employee handbooks provided to employee, keep copies of all policies of related to employee leaves and benefits, keep records related to premium payments of employee benefits, keep all documents and records related to medical certifications and re-certifications, and all documents and records related to an employee's medical histories or their family members' medical histories.

79.  FMLA and Title 2, California Code of Regulations § 11097 incorporates the federal regulations interpreting FMLA, 29 CFR Part 825.  An employee takes paid or unpaid leave and the employer does not designate the leave as FMLA leave, the leave taken does not count against an employee's FMLA entitlement.

80. Plaintiff had serious health conditions to include the disabilities as stated above, for which Plaintiff needed to take medical leave that qualified for FMLA protection.

81. Plaintiff complied with all applicable notice requirements of FMLA.

82. Defendant interfered with Plaintiff's exercising her rights under FMLA by both acts and omissions of Defendant's duties that interfered with, restrained, discouraged, and/or denied Plaintiff from exercising Plaintiff's FMLA rights and/or Plaintiff's attempts to exercise Plaintiff's FMLA rights.

83. Defendant interfered with Plaintiff exercising HER FMLA rights by failing to grant and/or refusing to authorize FMLA leave; by discouraging the use of FMLA leave by failing to provide proper notices related to the leave as required by FMLA and the incorporated state and federal regulations; by discouraging the exercise of FMLA rights by harassing, discriminating

against, and retaliating against Plaintiff for exercising Plaintiff's rights under FMLA and/or taking leave that qualified for FMLA protection; by discouraging the exercise of Plaintiff's FMLA rights by failing to provide written guarantees of reinstatement of employment for each leave as required by FMLA; and by using leave that qualified for FMLA protection as a negative factor in employment actions.

84. Defendant interfered with Plaintiff's exercise of FMLA rights by requesting she return to work before her FMLA leave expired, disciplining Plaintiff for taking FMLA -qualifying leave.

85. The acts and omissions of Defendant as to its duties under FMLA, which interfered with Plaintiff exercising her rights under FMLA as stated above, were all in violation of FMLA.and the rights of Plaintiff pursuant to FMLA.

86. Plaintiff took FMLA.-qualifying leave because of Plaintiff's own serious health condition(s).

87.  Plaintiff had a protected status pursuant to FMLA for Plaintiff's exercise of and/or attempts to exercise Plaintiff's right to take FMLA leave for her own serious health condition(s).

88. The Plaintiff exercise of and/or attempts to exercise Plaintiff right to take FMLA leave for Plaintiff serious health conditions was a motivating factor in Defendant decisions that were adverse to Plaintiff.

89. Plaintiff's protected status, and/or exercise of and attempts to exercise her right to take FMLA leave for her own serious health condition was a substantial motivating factor in Defendant's decision to terminate Plaintiff; discharge Plaintiff, discipline Plaintiff, deny reinstatement to Plaintiff, not rehire Plaintiff, discriminate against Plaintiff as to the terms, conditions and privileges of employment and/or harass Plaintiff.

90.  As a direct, legal, and proximate cause of Defendant's interference with Plaintiff's FMLA rights as stated above, Plaintiff was denied FMLA rights, denied leave that qualified for FMLA protection, was harassed, interfered with, disciplined, punished, suspended, retaliated against, and terminated, all in violation of FMLA and FEHA.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

91. The interference by Defendant with Plaintiff's FMLA leave and rights under FMLA, as stated above, continued until Plaintiff was terminated in violation of FMLA.

92.  As a direct, legal, and proximate cause of Plaintiff aforementioned protected status, because Plaintiff requested FMLA leave, and/or because Plaintiff took FMLA leave for Plaintiff's own serious health condition(s), because of Plaintiff's complaints as stated above, and/or because Plaintiff opposed practices protected by FMLA, Defendant discriminated against Plaintiff in the terms, conditions, and privileges of Plaintiff employment and retaliated against Plaintiff, including but not limited to, Defendant terminating Plaintiff's employment, Defendant suspending Plaintiff without pay, Defendant disciplining Plaintiff, Defendant punishing Plaintiff, Defendant interfering with Plaintiff's FMLA rights as stated above, and/or Defendant discriminating against Plaintiff as to the terms, conditions and privileges of her employment with Defendant.

93. As a direct, foreseeable, and proximate result of Defendant's conduct, as alleged above, Plaintiff has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

94. As a direct, foreseeable and proximate result of Defendant's conduct, as alleged above, Plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and severe emotional distress, the precise amount of which will be proven at trial.

## EIGHTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF FMLA

### (Against GRAYBAR and DOES 1 through 50)

95. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

96. Federal law prohibits employers from disciplining or discharging an employee because she has exercised her right to take FMLA leave, or from using such leave as a negative factor in an employment decision. 29 U.S.C. § 2615(a)(2); 29 C.F.R. § 825.220(a)(2).

97. "[F]iring an employee for [making] a valid request for FMLA leave may constitute interference with the employee's FMLA rights *as well as* retaliation against the employee." *Erdman v. Nationwide Ins. Co.* (3rd Cir. 2009) 582 F.3d 500, 509 (emphasis added).

98. Likewise, an employer may not retaliate against an employee for exercising any right under the CFRA. Cal. Gov't Code § § 12940(h), 12945.2(1); 2 Cal. Code Regs. § 7297.7; *Gibbs v. American Airlines, Inc.,* 74 Cal. App. 4th 1 (1999). Here, Plaintiff exercised her right to take FMLA leave by requesting such leave from Defendants. As a result of this protected activity, Plaintiff suffered adverse employment actions by Defendants as set forth above, e.g., disclosing her serious medical condition, requesting leave, and then being terminated.

99. Defendants' conduct as alleged above constituted unlawful retaliation in violation of the FMLA.

100.    FMLA permits an employee who alleges retaliation in violation of FMLA to seek damages for attorney fees and costs, including a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant. 29 U.S.C. § 2617(a)(3).

101.    As further direct, legal and proximate result of Defendant's conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of her reasonable attorneys' fees and costs, according to proof.

102.    Pursuant to the statutes and regulations pertaining to the rights and protections under FMLA, an employee may also seek and be awarded liquidated damages equal to the actual damages as allowed, plus interest. 29 U.S.C. § 261.

103.    Furthermore, an employee who has been retaliated against for taking FMLA protected leave may seek equitable relief such as employment, reinstatement, or promotion. 29 U.S.C. § 2617(a)(1); Cal. Govt. Code § 12945.2; 2 C.C.R. §§ 11094, 11096.

### NINTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF THE FEHA

### (Against GRAYBAR and DOES 1 through 50)

104.    Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

105.    At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and were binding on Defendants, as Defendants regularly employed five or more persons.

106.    Plaintiff's termination is in violation of the FEHA.

107.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Government Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

108.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

109.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## TENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against GRAYBAR and DOES 1 through 50)

110.    Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as though fully set forth herein.

111.    At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940 et seq., is to prohibit employers from discriminating, harassing and retaliating against any individual for engaging in a

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

protected activity. This public policy of the State of California is designed to protect all employees and to promote the welfare and wellbeing of the community at large.

112.   Accordingly, the actions of Defendants, as described herein, were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California and the laws and regulations promulgated thereunder.

113.   As a proximate result of the aforesaid act of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

114.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

115.   Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent the termination of its employees based on California public policy.  Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies.  Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.  For general damages according to proof;

2.  For special damages according to proof;

3.  For punitive damages according to proof;

4.  For attorney fees and costs of suit;

5.  For prejudgment and post-judgment interest according to law;

6.  For injunctive relief;

7.  For declaratory relief; and

8.  For such other and further relief as the court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED:   January 31, 2020          JML LAW, A Professional Law Corporation


By:   _Jared Beilke_

JOSEPH M. LOVRETOVICH

JARED W. BEILKE

KARINA GODOY

Attorneys for Plaintiff

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367